1  John Chadwick Gauntt
   Texas Bar No. 07765990
2  Sarah J. Shoulton
   Texas Bar No. 24126563
3  GAUNT, KOEN, BINNEY & KIDD
   25700 I-45 North, Suite 130
4  Spring, TX 773866
   T: 281-367-6555
5  Email: chad.gauntt@gkbklaw.com
   Email: sarah.shoulton@gkbklaw.com
6  [Verified Permission to Practice forthcoming]

7  Thierry V. Barkley
   Nevada Bar #724
8  GORDON REES SCULLY MANSUKHANI LLP
   1 East Liberty Street, Suite 424
9  Reno, NV 89501
   Phone 775 467-2609
10 Email: tbarkley@grsm.com

11  *ATTORNEYS FOR PLAINTIFF*

12              **UNITED STATES DISTRICT COURT**

13                   **DISTRICT OF NEVADA**

14

| | |
|---|---|
| NEXT U.S. INSURANCE COMPANY, STATE NATIONAL INSURANCE COMPANY, | CASE NO. _____ |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY RELIEF** |
| NATHAN EDOUARD AND SRXV, INC., | |
| Defendants | |

15
16
17
18
19
20

21      Comes now Plaintiffs Next U.S. Insurance Company ("Next"), and State National Insurance

22  Company, Inc. ("State National") (collectively "Plaintiffs") complaining of the Defendants,

23  Nathan Edouard ("Edouard") and SRXV, INC. ("SRXV") (collectively "Defendants") and

24  pursuant to 28 U.S.C. §§2201, 2202, Uniform Declaratory Judgments Act, Nev. Rev. Stat. Ann.

25  § 30.010, and Federal Rule of Civil Procedure 57, files this Original Complaint and Request for

26  Declaratory Judgment against Defendants. Plaintiffs now seek a declaratory judgment against

27  Defendants that, based on the breach of Defendants' similar duties under the insurance policies

28

issued by each of the Plaintiffs, the Commercial Property Policy (NXTQ47FRLX-00-CP, issued by Next), and Commercial General Liability Policy (NXTV4CFQ3L-00-GL, issued by State National), Plaintiffs are entitled to disclaim any coverage for any of the commercial property claims or business personal property claims. Additionally, Defendants have demanded a defense and indemnity for a counterclaim asserted against defendant Edouard arising out of a dispute between Edouard and his landlord relating to unpaid rent. Since the allegations of the lawsuit, Case No. A25-913839-C, Department No. 26, pending in the District Court of Clark County, Nevada, could not possibly lead to coverage under the State National policy, there is no duty to defend under said policy and, accordingly, State National is further entitled to a declaration that it has no duty to defend said suit.

## I. PARTIES

1.      Plaintiff, Next U.S. Insurance Company ("Next") is a California corporation, has its principal place of business at 975 California Ave., Palo Alto, California 94304, and is authorized to write insurance in the State of Nevada.

2.      Plaintiff, State National Insurance Company, Inc. ("State National"), is a Texas corporation, has its principal place of business at 1900 L Don Dodson Drive, Bedford, Texas 76021, and is authorized to write insurance in the State of Nevada.

3.      Defendant, Nathan Edouard is a named insured under policy numbers NXTQ47FRLX-00-CP and NXTV4CFQ3L-00-GL. Defendant Edouard is a Nevada resident and can be personally served with the summons and complaint at 10624 S. Eastern Ave., A804, Henderson, NV 89052.

4.      Defendant, SRXV, INC., is a named insured under policy numbers NXTQ47FRLX-00-CP and NXTV4CFQ3L-00-GL. Defendant, SRXV, INC. is a domestic corporation organized and existing under the laws of the State of Nevada with its principal place

of business in Nevada. Defendant, SRXV, INC. may be served with the summons and complaint by serving its registered agent, Republic Registered Agent LLC., at 930 S 4th St Ste 209, Las Vegas, NV, 89101.

## II. JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff Next, is a California entity with its principal place of business in California. Plaintiff State National, is a Texas entity with its principal place of business in Texas. Defendants are both residents of Nevada.

6.     Pursuant to 28 U.S.C. § 1390 and 1391, venue is proper in the United States District Court for the District of Nevada in Las Vegas because the underlying incidents occurred within the district and the property that is the object of this litigation is located within this district in Las Vegas, Nevada.

7.     Plaintiffs bring this action to determine, under the Uniform Declaratory Judgments Act, Nev. Rev. Stat. Ann. § 30.010 and the Federal Declaratory Judgment Act, 28 U.S.C.S. § 2201, 2202, its obligation under a contract of insurance with Defendants. Specifically, Plaintiffs seek a declaration from the Court that under the aforementioned insurance policies, the Defendants have failed to comply with the duties in the event of loss or damage. Additionally, the allegations against Defendants in the below mentioned liability lawsuit do not potentially give rise to liability under either of Defendants' policies with Plaintiffs. Specifically, that there is no duty under said Policies for Plaintiff to provide Defendants with a defense or indemnity of that lawsuit. Additionally, and in the alternative, Plaintiffs seek a declaration that Defendants have not complied with conditions precedent to recovery under either of the Policies. Additionally, and in the alternative, Plaintiff seeks a declaration that the subject insurance

policies do not provide coverage to the property damage caused by the incidents in question due to application of one or more exclusions.

8.    Plaintiff has complied with the laws of the State of Nevada pertaining to corporations engaged in business therein, has paid all required taxes and assessments and license fees, and has filed all reports required by the State of Nevada.

### III. FACTUAL BACKGROUND

9.    State National issued an insurance policy to Defendants, policy number NXTV4CFQ3L-00-GL, with effective dates from March 11, 2024 to March 11, 2025 (the "GL Policy"). A true and correct copy of the GL insurance policy is attached hereto as **Exhibit A**.

10.    Next issued an insurance policy to Defendants, policy number NXTQ47FRLX-00-CP, with effective dates from April 18, 2024 to April 18, 2025 (the "CP Policy") (collectively the "Policies"). A true and correct copy of the CP insurance policy is attached hereto as **Exhibit B**.

11.    To date, Defendants' have made nine (9) claims under the CP Policy that arise out of alleged dates of loss on or about December 12, 2024, June 1, 2024, and February 3, 2025.

12.    The original claims made by Defendants were (1) NXTC-NVCP-CR33FL, (2) NXTC-NVCP-WQL4HV and (3) NXTC-NVCP-3KCXLC. All of the claims asserted were materially identical.

13.    Subsequent to those claims being made, Plaintiff requested documentation to assist in the investigation of the claims pursuant to the terms and conditions of the aforementioned CP Policy, including: a copy of the full Police Report including any supplements to same regarding the incident that forms the basis of this claim; copies of all communications between Defendants and any law enforcement personnel regarding the incident that forms the basis of this claim.  Next also requested all communications both before and after the incident

that forms the basis of the claims; original purchase receipts of any item claimed stolen in the incident that forms the basis of the claims; completed contents worksheet identifying all items allegedly stolen by brand, make and model, the place of purchase, purchase price, date of purchase and manner of payment for purchase of each item; copies of any financing agreements related to any of the allegedly stolen or vandalized items; photos of any vandalized property that forms the basis of this claim; copies of correspondences to and from any other insurer that the insured asserted provided coverage for any damage or loss that arose out of the incident that formed the basis of the claims; and a completed and executed sworn statement in proof of loss for claim no. NXTC-NVCP-WQL4HV.

14.    With regard to the insured's business interruption claim, Next requested copies of P&L statements for SRXV, Inc. for 2023, 2024 and the first two quarters of 2025; copies of Balance Sheets for SRXV, Inc. for 2023, 2024 and the first two quarters of 2025; payroll records for SRXV, Inc. for 2023, 2024 and the first two quarters of 2025; income statements for SRXV, Inc. for 2023, 2024 and the first two quarters of 2025; any correspondence from any accountant working on behalf of SRXV, Inc. detailing or discussing SRXV, Inc.'s alleged business income loss arising out of the incidents that form the basis of the insured's claims; and, a completed and executed sworn statement in proof of loss for claim no. NCTC-NVCP-3KCXLC. These requests were clearly reasonable and relevant.

15.    Additionally, Defendants were informed that, once the requested documents were provided, Plaintiff would schedule an examination under oath.

16.    Subsequently, Defendants promptly responded and very clearly informed Plaintiff that they would not provide the requested documents and would not submit to an examination under oath, in direct violation of the Policies.

17.    Defendants then went on to submit six additional claims: (4) NXTC-NVCP-JXVYCL, (5) NXTC-NVCP-9XKQVC, (6) NXTC-NVCP-PC77DF, (7) NXTC-NVCP-7YDH3Y, (8) NXTC-NVCP-P97RVW, and (9) NXTC-NVCP-HQQYQ7.

18.    Though this has not been confirmed, it appears these six (6) new claims all arise out of the same events and circumstances that led to the first three claims. Nevertheless, Plaintiff, out of an abundance of caution and to ensure it is thoroughly investigating all claims Defendants submitted, whether or not they appeared duplicative, acknowledged receipt of these claims and informed Defendant it also requested they submit to an examination under oath to discuss these claims and assist in its investigation of the same. Defendants categorically refused this request as well.

19.    Subsequently, Plaintiff provided Defendants with a copy of the policy and explained the policy required compliance with certain duties following a claimed loss. These duties are:

"**a**. You must see that the following are done in the event of loss or damage to Covered Property:

**(1)** Notify the police if a law may have been broken.
**(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.
**(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.
**(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limits of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.
**(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.
**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.
**(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.
**(8)** Cooperate with us in the investigation or settlement of the claim.
**(9)** Resume all or part of your "operations" as quickly as possible.

**b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed."

20.     In spite of this, Defendants continued to refuse to provide any documents in response to Plaintiffs' requests and refused to comply with its requests for examinations under oath.

21.     Defendants were informed that the production of the requested documents and the conclusion of the examinations under oath were considered by Next and State National to be essential and integral parts of the investigation of the claims Defendants asserted. Defendants failure to comply with these requests resulted in a material interference with Plaintiffs' ability to investigate its coverage obligations, if any, to Defendants.

22.     In compliance with Nevada law, Plaintiff submitted its letter as notification to Defendants that, due to the breach of Defendants' duties under the policy, Next disclaimed coverage for any of the above-referenced commercial property claims. Next closed its investigations on all of these above-referenced claims and issued no payment to Defendants as a result of the claims.

23.     Defendants made a claim under the GL Policy that arise out of an event alleged to have occurred on or about March 24, 2025.

24.     The claim number is NXTC-NVGL-PDLKRC. Defendant Edouard requested for a defense and indemnity under the GL policy in pending lawsuit against Defendant.

25.     The facts of the complaint filed by Defendant against F9 Constellation Land Co., LLP, et. al. ("F9"), and the counterclaim filed by F9 against Defendant, alleges Defendant entered into a lease agreement with F9 for the lease of an apartment located at 901 Fremont Street, Las Vegas, NV, 89101.

26.    In that lawsuit, Defendant alleged claims against F9 for wrongful eviction, constructive eviction, breach of contract, and breach of the covenant of good faith and fair dealing.    All of these causes of action arise out of Defendant's allegations that F9 failed to provide Defendant with a habitable premise which made it impossible for Defendant to operate his pharmaceutical business from this location and that F9, in response to Defendant's complaints, created a hostile environment which led to Defendant's constructive and actual eviction.

27.    In response to Defendant's lawsuit, F9 answered, denied the allegations and countersued Defendant, alleging Defendant defaulted on his lease obligations by failing to pay rent due under the lease, withholding rent in a malicious effort to harm F9 and its property managers, refusing to pay the balance owed under the lease with F9 and refusing to vacate the premises in response to a valid eviction order.

28.    Defendant has tendered the defense of this lawsuit to Plaintiffs and demanded State National undertake the defense of the counterclaim as well as reimburse fees and expenses Defendant alleges to have incurred as a result of the defense of this counterclaim.

29.    For purposes of Defendant's demand for a defense, the policy contains the following relevant language:

> "Various provisions in this policy restrict coverage.    Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.    The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.
>
> Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.    **Insuring Agreement**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1)    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

        (2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverage **A** and **B**.

    b.    This insurance applies to "bodily injury" or "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    \* \* \*

2.    **Exclusions**

    This insurance does not apply to:

    a.    **Expected Or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

    b.    **Contractual Liability**

    "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

        (1)    That the insured would have in the absence of the contract or agreement; or

    \* \* \*

**j.**   **Damage To Property**

"Property damage" to:

**(1)**   Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)**   Premises you sell, give away or abandon, if "property damage" arises out of any part of those premises;

\* \* \*

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.**   **Insuring Agreement**

**a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But . . .

\* \* \*

**b.**   This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**2.**   **Exclusions**

This insurance does not apply to:

**a.**   **Knowing Violation of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

\* \* \*

**e.**   **Contractual Liability**

"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

**f.**    **Breach Of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\* \* \*

**2.**    **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.**    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

**(1)**    How, when and where the "occurrence" or offense took place;

**(2)**    The names and addresses of an injured persons and witnesses; and

**(3)**    The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.**    If a claim is made or "suit" is brought against any insured, you must:

**(1)**    Immediately record the specifics of the claim or "suit" and the date received; and

**(2)**    Notify us as soon as possible.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.**    You and any other involved insured must:

**(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)**    Authorize us to obtain records and other information; and

**(3)**    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

\* \* \*

**d.**     No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

\* \* \*

## SECTION V – DEFINITIONS

**1.**     "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products, or services for the purpose of attracting customers or supporters. For the purposes of this definition:

\* \* \*

**3.**     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

**13.**     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**     "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.**     False arrest, detention or imprisonment;

**b.**     Malicious prosecution;

**c.**     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.**     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.**     Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.**     The use of another's advertising idea in your "advertisement"; or

g.     Infringing upon another's copyright, trade dress or slogan in your "advertisement".

* * *

**17.**   "Property damage" means:

a.     Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.     Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

* * *

**EXCLUSION – CROSS SUITS**

* * *

The following is added to **SECTION I – COVERAGES, Coverage A Bodily Injury and Property Damages Liability**, paragraph **2. Exclusions** and to **SECTION I – COVERAGES, COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**, paragraph **2. Exclusions**

"Bodily injury", "property damage" or "personal and advertising injury" arising from claims or "suits" brought by any named insured against any other named insured.

All other terms and conditions of the policy remain unchanged.

* * *

**BLANKET ADDITIONAL INSURED**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABLITY COVERAGE PART

**A.**     **SECTION II – WHO IS AN INSURED** is amended to include the following as insureds"

* * *

**2.     Managers or Lessors of Premises**

Any person or organization from whom you lease premises when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an insured only with respect to liability arising out of your ownership, maintenance or use of that part of the premises leased to you.

No such person or organization is an insured under this section for any:

a.    For "bodily injury" or "property damage" caused by an "occurrence" which takes place after you cease to be a tenant in the premises.

b.    Structural alterations, new construction or demolition operations performed by or on behalf of such person or organization.

* * * *"

30.    Defendant was informed, and Plaintiffs' further allege in this complaint, that based on these policy provisions, the lawsuit Defendant has brought against F9 Constellation Land Co. LLC, *et. al.* in case no. A25-913839-C Department No. 26 in which F9 Constellation Land Co., LLC. has filed a counterclaim against, does not make any claims that potentially give rise to liability covered by Defendant's policy with Plaintiff. Among other things, the lawsuit merely alleges damages arising out of alleged breach of Defendant's lease agreement with F9 and Defendant's refusal to vacate the premises in response to a valid eviction notice.

31.    The lawsuit does not allege that Defendant is liable for bodily injury or property damage arising out of an occurrence. Similarly, the counterclaim does not allege Defendant is liable for Advertising Injury as that term is defined in the policy, however seeks damages for those back rents it claims are due.

32.    Since the allegations against Defendant in the aforementioned lawsuit do not potentially give rise to liability under the GL Policy with Plaintiff, there is no duty under said policy for Plaintiff to provide Defendant with a defense of this lawsuit.

33.    Accordingly, Defendant's demand for a defense and indemnity in this lawsuit for the damages alleged in the counterclaim against Defendant by F9 was denied.

34.    Both Policies provide certain coverage to Defendants subject to all terms, conditions, and exclusions contained therein.

35.    The Policies contain provisions requiring the insured to comply with certain duties after a loss or in connection with a claim.

36.    Pursuant to the terms of the Policies, the insured is required to comply with certain duties in the event of a loss or claim, including the duty to promptly notify the insurer and to cooperate with any investigation.

37.    The CP Policy also contain a provision that states that Plaintiff is entitled to void the Policy in the event the insured commits fraud or makes a material misrepresentation regarding a claim.

38.    Defendants have submitted one or more claims under each of the Policies.

39.    Defendants have failed to comply with the duties required under the Policies in connection with these claims.

40.    Defendant has made material misrepresentations regarding these claims.

41.    An actual controversy exists between Plaintiffs and Defendants regarding Plaintiffs' obligations under the Policies.

42.    Plaintiffs contend that Defendants' failure to comply with the duties under the Policies precludes coverage for the claims at issue.

43.    Plaintiffs further contend that the Policies are void due to Defendants' material misrepresentations.

44.    State National further contends it has no duty to defend the aforementioned F9 lawsuit.

1                                **IV. CLAIMS FOR RELIEF**

2       **<u>Count I - Declaratory Judgment - Breach of Policy Conditions</u>**

3       45.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 44

4  as if fully set forth herein.

5
        46.    An actual controversy exists between Plaintiffs and Defendants regarding
6
   Plaintiffs' obligations under the Policies.
7
8       47.    Plaintiffs and Defendants have adverse legal interests with respect to the Policies

9  and the claims submitted thereunder.

10      48.    Defendants have submitted claims under the Policies seeking coverage for theft,

11 vandalism, damage to property due to a power surge, loss of business income, and the duty to

12 defend in an unrelated lawsuit.

13
        49.    The Policies requires Defendants to comply with certain duties after a loss or in
14
   connection with a claim.
15
16      50.    Defendants have failed to comply with these duties.

17      51.    Defendants failed to cooperate in the investigation of the claims or provide the

18 requested documentation.

19
        52.    Defendants' failure to comply with these duties has materially prejudiced
20
   Plaintiffs' rights under the Policies.
21
22      53.    Plaintiffs have been prejudiced in its ability to properly investigate the claims and

23 inability to determine the validity or extent of the claims.

24      54.    Under the terms of the Policies and applicable law, Defendants' failure to comply

25 with the duties under the Policies precludes coverage for the claims at issue.

26      55.    This controversy is ripe for judicial determination.

27

28

56.     Pursuant to Nev. Rev. Stat. Ann. § 30.040 and Nev. Rev. Stat. Ann. § 30.030, Plaintiffs are entitled to a declaration of rights, status, and legal relations under the Policies.

**Count II - Declaratory Judgment – No Duty to Defend**

57.     State National repeats and realleges the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

58.     An actual controversy exists between Plaintiffs and Defendants regarding the obligations of Plaintiffs under the Policies.

59.     Plaintiff, State National believes that based on the policy provisions, the lawsuit Defendant Edouard has brought against F9 Constellation Land Co. LLC, *et. al.* in case no. A25-913839-C, Department No. 26 of District Court of Clark County, Nevada, in which F9 Constellation Land Co., LLC. has filed a counterclaim against Defendant, does not make any claims that potentially give rise to liability covered by Defendant's policies with Plaintiffs. Among other things, the lawsuit merely alleges damages arising out of alleged breach of Defendant's lease agreement with F9 and Defendant's refusal to vacate the premises in response to a valid eviction notice.

60.     The lawsuit does not allege that Defendant is liable for bodily injury or property damage arising out of an occurrence.  Similarly, the counterclaim does not allege Defendant is liable for Advertising Injury as that term is defined in the policy, however seeks damages for those back rents it claims are due.

61.     Since the allegations against Defendant in the aforementioned lawsuit do not potentially give rise to liability under the GL Policy with Plaintiff, State National seeks a declaration that there is no duty under said policy for Plaintiff to provide Defendant with a defense of this lawsuit.

62.     This controversy is ripe for judicial determination.

63.     Pursuant to Nev. Rev. Stat. Ann. § 30.040 and Nev. Rev. Stat. Ann. § 30.030, Plaintiff is entitled to a declaration of rights, status, and legal relations under the Policy.

## V. REQUEST FOR DECLARATORY RELIEF

63. WHEREFORE, Plaintiff respectfully petitions that this Court, pursuant to Uniform Declaratory Judgments Act, Nev. Rev. Stat. Ann. §30.010, 28 U.S.C. §2201, 2202, and the Federal Rule of Civil Procedure 57, as follows:

A.     Enter a declaratory judgment that Defendants Nathan Edouard and SRXV, Inc.'s failure to comply with the duties under the Policy NXTQ47FRLX-00-CP, precludes coverage for the claims at issue, specifically: NXTC-NVCP-WQL4HV, NXTC-NVCP-3KCXLC, NXTC-NVCP-CR33FL, NXTC-NVCP-JXVYCL, NXTC-NVCP-9XKQVC, NXTC-NVCP-PC77DF, NXTC-NVCP-7YDH3Y, NXTC-NVCP-P97RVW, and NXTC-NVCP-HQQYQ7;

B.     Enter a declaratory judgment that based on the policy provisions of NXTV4CFQ3L-00-GL, and the allegations against Defendant in case no. A25-913839-C Department No. 26, do not potentially give rise to liability under the GL Policy with State National, and there is no duty under said policy for State National to provide Defendants with a defense of this lawsuit and claim NXTC-NVGL-PDLKRC is denied;

C.     Award Plaintiffs such further relief as may be necessary or proper pursuant to Nev. Rev. Stat. Ann. § 30.100 and 28 U.S.C. §2201, 2202;

///

///

///

///

///

///

D.  Grant such other relief as the Court deems just and proper.

Respectfully submitted,

GAUNTT, KOEN, BINNEY & KIDD, LLP
    John Chadwick Gauntt, Esq.
    Texas Bar No. 07765990
    Sarah J. Shoulton. Esq.
    Texas Bar No. 24127563
    25700 I-45 North, Suite 130
    Spring, TX 77386
    T: 281-367-6555
    F: 281-367-3705
    E: chad.gauntt@gkbklaw.com
    E: sarah.shoulton@gkbklaw.com
    Attorneys for Plaintiff
    [Verified Permission to Practice
     Forthcoming]

DATED this 7th day October, 2025

GORDON REES SCULLY MANSUKHANI,
LLP

By: _____
THIERRY V. BARKLEY, ESQ.
Nevada Bar No. 724
1 East Liberty Street, Suite 424
Reno, NV  89501
Telephone:  (775) 467-2609
Facsimile:  (775) 460-4901
tbarkley@grsm.com

*Attorneys for Plaintiffs*

1

2  John Chadwick Gauntt
   Texas Bar No. 07765990
   Sarah J. Shoulton
3  Texas Bar No. 24126563
   GAUNT, KOEN, BINNEY & KIDD
4  25700 I-45 North, Suite 130
   Spring, TX 773866
5  T: 281-367-6555
   Email: chad.gauntt@gkbklaw.com
6  Email: sarah.shoulton@gkbklaw.com
   [Verified Permission to Practice forthcoming]
7

8  Thierry V. Barkley
   Nevada Bar #724
9  GORDON REES SCULLY MANSUKHANI LLP
   1 East Liberty Street, Suite 424
   Reno, NV 89501
10 Phone  775 467-2609
   Email: tbarkley@grsm.com
11

   *ATTORNEYS FOR PLAINTIFF*
12

13             **UNITED STATES DISTRICT COURT**

14               **DISTRICT OF NEVADA**

15 NEXT U.S. INSURANCE COMPANY, STATE    | CASE NO. _____
   NATIONAL INSURANCE COMPANY,
16
                Plaintiffs,
17
        vs.                                **DECLARATION OF J. CHAD**
18                                          **GAUNT**
   NATHAN EDOUARD AND SRXV, INC.
19
                Defendant.
20

21

22 STATE OF TEXAS                    §
                                     §
23 COUNTY OF MONTGOMERY              §

24

25     Affiant, J. Chad Gauntt, attorney for Next U.S. Insurance Company, State National

26 Insurance Company, Inc. being duly sworn, says that:

27

28

                              -20-

1.    Affiant is the attorney of record for Next U.S. Insurance Company, State National Insurance Company, Inc., Plaintiffs, and, as such, is authorized to make this verification;

2.    Affiant has read the foregoing Plaintiffs' Original Complaint and Request for Declaratory Relief;

3.    Affiant has knowledge of the matters set forth in Plaintiffs' Original Complaint and Request for Declaratory Relief; and

4.    Such matters are true on information and belief, which Affiant believes to be true.

J. Chad Gauntt

STATE OF TEXAS                        §
                                     §
COUNTY OF MONTGOMERY                  §

This instrument was acknowledged before me by J. Chad Gauntt in his capacity as counsel for Plaintiffs and as a duly authorized representative of Gauntt, Koen, Binney & Kidd, LLP on this 30ᵗʰ day of September, 2025.

ROBIN NICHOLS
My Notary ID # 7889127
Expires August 29, 2027

Notary Public in and for the
State of Texas

-21-