# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Next U.S. Insurance Company, et al.,

    Plaintiff(s),

v.

Nathan Edouard, et al.,

    Defendant(s).

Case No. 2:25-cv-01909-GMN-NJK

**ORDER**

[Docket No. 35]

Pending before the Court is Defendant Edouard's motion to strike affirmative defenses. Docket No. 35.[1]  Plaintiffs filed a response in opposition.  Docket No. 39.  No reply was filed.

Rule 12(f) of the Federal Rules of Civil Procedure provides that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Motions to strike are highly disfavored and rarely granted.  *See, e.g.*, *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965 (9th Cir. 2014).  Most courts have concluded that the *Iqbal*/*Twombly* pleading standards do not apply to affirmative defenses and, instead, only fair notice need be provided by stating what the defense is.  *See, e.g.*, *Heyman v. Nev. ex rel. Bd. of Regents of Nev. Sys. Of Higher Educ.*, 2016 WL 11662273, at *1 (D. Nev. July 22, 2016).  As explained by the Ninth Circuit, the "fair notice" standard "only requires describing the defense in 'general terms.'"  *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (affirming finding that adequate notice was provided in answer that a store was ADA "compliant due to its use of 'alternative methods' of accessibility").[2]  Courts also routinely find that striking affirmative

---

[1] The Court liberally construes the filings of *pro se* litigants.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] The response to the motion focuses on out-of-circuit authority and a treatise.  *See* Docket No. 39 at 4.  Counsel would be well-advised to focus their legal research and citations on Ninth Circuit authority, as that is the governing law in this courthouse.

1

defenses, even when described in only generic terms or presented in list form, is unwarranted without a threshold showing that any prejudice will stem from allowing the defenses to stand until the parties complete discovery. *See, e.g.*, *Russell Road Food & Beverage, LLC v. Galam*, 2013 WL 6684631, at *2 (D. Nev. Dec. 17, 2013) (collecting cases).

The pending motion focuses mostly on asserting that the affirmative defenses to the counterclaim are not stated with sufficient elaboration. *See, e.g.*, Docket No. 35 at 4-8.[3] As noted above, the Ninth Circuit requires only that affirmative defenses be stated in general terms and the motion fails to show that Plaintiffs did not comply with that requirement with respect to their answer to the counterclaim. Moreover, to the extent Edouard contends that Plaintiffs will be unable to prevail on the affirmative defenses, that is an issue to raise in later pretrial proceedings that are better suited to evaluating their sufficiency.

Accordingly, the Court **DENIES** Edouard's motion to strike affirmative defenses.[4]

IT IS SO ORDERED.

Dated: January 15, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] The motion also argues that certain aspects of Plaintiffs' filing are not properly presented in "reply." *See, e.g.*, Docket No. 35 at 2. For reasons unclear, Plaintiffs' counsel did in fact caption their earlier filing as a "reply to counterclaim." Docket No. 31 at 1. The proper manner of responding to a counterclaim is filing an "answer" to the counterclaim. *See* Fed. R. Civ. P. 12(a)(1)(B). Counsel must endeavor to be clearer in their filings in the future. Nonetheless, it is plain to the Court in this instance that the document at issue is an answer to the counterclaim. *See, e.g.*, Docket No. 31 at 2 ("in answer to paragraph 1, Plaintiffs deny the allegations"). As such, Edouard's arguments regarding an improper "reply" are not persuasive.

[4] Edouard's papers at times go beyond the specific dispute resolved in this order. The Court declines to address herein other issues raised within the papers. *See* Local Rule IC 2-2(b).

2