**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Next U.S. Insurance Company, et al.,

Plaintiff(s),

v.

Nathan Edouard, et al.,

Defendant(s).

Case No. 2:25-cv-01909-GMN-NJK

**Order**

[Docket No. 63]

On June 16, 2026, the Court denied Defendant Nathan Edouard's motion to extend the discovery cutoff. Docket No. 62. On June 26, 2026, Edouard filed a "memorandum" in support of extension. Docket No. 64. Plaintiffs filed a response, arguing that the request is actually seeking reconsideration and opposing that relief. Docket No. 64.

As a threshold matter, the Court agrees with Plaintiffs that Edouard is effectively seeking reconsideration, and it will be construed as such a motion. *Cf. Borenstein v. Animal Found.*, 2024 WL 5683549, at *3 (D. Nev. Feb. 14, 2024). "Reconsideration is an extraordinary remedy, to be used sparingly." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) (citation and internal quotations omitted). The Local Rules provide the applicable standards in addressing whether the Court should reconsider an interlocutory order, indicating that reconsideration may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a). Motions for reconsideration are disfavored. Local Rule 59-1(b). Motions for reconsideration may not be used to rehash arguments that were presented previously, *id.*, nor may they be used to raise new arguments that could have been presented earlier, but were not, *Kona Enterps., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000).

The instant request essentially rehashes the arguments Edouard previously presented in seeking the same relief. Edouard has not shown that the pending request is based on newly

discovered evidence, that the Court committed clear error, that the initial decision was manifestly unjust, or that there has been any change in the law. As such, reconsideration is not warranted.

Accordingly, the Court **DENIES** Edouard's motion for reconsideration. Docket No. 63.[1]

IT IS SO ORDERED.

Dated: July 28, 2026

Nancy J. Koppe
United States Magistrate Judge

[1] Edouard also asks the Court to construe his filing as an opposition to merits issues, including arguing that there are genuine disputes of material fact. *See, e.g.*, Docket No. 63 at 2. The Court declines to address such issues because a separate request was not filed as is required. *See, e.g.*, Local Rule IC 2-2(b).