**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NEXT U.S. INSURANCE COMPANY, *et al.*,

Plaintiffs,

vs.

NATHAN EDOUARD, *et al.*,

Defendants.

Case No.: 2:25-cv-01909-GMN-NJK

**ORDER DENYING MOTION TO JOIN INDISPENSABLE PARTIES**

Pending before the Court is the Motion for Mandatory Joinder of Necessary and Indispensable Parties, (ECF No. 33), filed by Defendant Nathan Edouard, appearing *pro se*. Plaintiffs Next U.S. Insurance Company ("Next") and State National Insurance Company, Inc. ("State National") filed a Response, (ECF No. 38), to which Edouard filed a Reply, (ECF No. 43).

For the reasons discussed below, the Court DENIES the Motion for Mandatory Joinder.

## I. BACKGROUND

This case arises out of a dispute in Plaintiffs' coverage responsibilities relating to a series of insurance claims filed by Defendants Nathan Edouard and SRXV, Inc. (*See generally* Compl., ECF No. 1). Plaintiffs seek relief based on two distinct sets of claims by Defendants. First, Plaintiffs allege that Defendants filed nine materially identical claims under a policy issued by Next involving three separate incidents that occurred across 2024 and 2025. (*Id.* ¶ 11). When Plaintiffs attempted to investigate the claims, Defendants refused to cooperate in providing the necessary documentation and testimony as required under the policy. (*Id.* ¶¶ 13–20). In response, Plaintiffs notified Defendants that their failure to cooperate was a breach of their duties under the policy and disclaimed coverage for the underlying claims. (*Id.* ¶¶ 21–22).

Plaintiffs also seek relief with respect to a separate claim filed by Defendants under a policy issued by State National. In that claim, Defendant Edouard requested a defense and indemnity in a wrongful eviction action he filed against his landlord, who in turn countersued Edouard for breach of contract. (*Id.* ¶¶ 24–27). Plaintiffs allege that this underlying action is not an "occurrence" subject to coverage under the relevant policy and that they should have no liabilities with respect to that action. (*Id.* ¶¶ 30–32). Plaintiffs accordingly denied Edouard's demand for a defense and indemnity. (*Id.* ¶ 33).

Plaintiffs then filed suit in this Court seeking a declaratory judgment under the Federal Declaratory Judgment Act as to their rights and responsibilities under the above insurance policies. (*Id.* ¶ 7). Specifically, Plaintiffs seek declarations that: (1) Defendants failed to comply with their duties in the event of loss or damage; (2) the conduct giving rise to the underlying claims is not covered by the policies under which they are claimed; and (3) the type of incurred damages alleged in the underlying claims are not covered by the policies under which they are claimed. (*Id.*)

Defendant Edouard now moves this Court for mandatory joinder of necessary third parties. (*See generally* Mot. Mandatory Joinder, ECF No. 33).

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(7) authorizes this Court to dismiss an action if a plaintiff has failed "to join a party under Rule 19." Rule 19 stipulates that a person "must be joined as a party" in one of two circumstances: (1) that person's absence would prevent the Court from according complete relief among the existing parties, or (2) that person claims an interest in the action such that disposing of it without them would (i) impair or impede the person's ability to protect that interest, or (ii) leave them subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a). If the third party cannot be joined, "the court must determine whether, in equity

and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). "The Rule 19 inquiry is 'fact specific,' and the party seeking dismissal has the burden of persuasion." *J & J Sports Prods., Inc. v. Nguyen*, No. 13-cv-02008-LHK, 2014 WL 60014, at *2 (N.D. Cal. Jan. 7, 2014) (quoting *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990)).

## III. DISCUSSION

Edouard asks this Court to (1) identify other relevant third parties; (2) produce a complete list of claims related to the underlying coverage actions; (3) join any additional insurers as necessary third parties; and (4) stay this action pending any mandatory joinder. (Mot. Mandatory Joinder 3:18–26). For the reasons outlined below, the Court finds that Edouard fails to meet his burden of establishing that any necessary third parties exist in this matter.

Edouard first claims that pursuant to Rule 19, complete relief cannot be granted in this action because "[s]everal insurers received tenders or issued claim IDs regarding the same underlying events," and "[a]ny ruling on Plaintiffs' obligations necessarily implicates the responsibilities of these absent carriers." (Mot. Mandatory Joinder 2:16–18). This claim fails for multiple reasons. Foremost, Edouard fails to actually name a single third party that he alleges to be a necessary party. When a movant fails to specify a party to be joined, the Court is unable to complete a Rule 19 analysis, and the motion fails. *See J & J Sports Producs.*, 2014 WL 60014, at *7 ("Without this critical identification, the Court cannot determine whether any absent party or parties must be joined pursuant to [Rule 19]."). [1] Notwithstanding the failure to name specific necessary third parties, Edouard further fails to demonstrate how complete relief

---

[1] To the extent that Defendants request that the Court identify the necessary parties for them, Defendants fundamentally misunderstand the function of the Court. "Judges are not like pigs[] hunting for truffles," and it is not the Court's duty to carry a party's burden of persuasion. *Murthy v. Missouri*, 603 U.S. 43, 67 n.7 (2024) (quoting *Gross v. Cicero*, 619 F.3d 697, 702 (7th Cir. 2010)).

cannot be afforded without the third-party insurers hypothetically alleged. Plaintiffs bring a claim under the Federal Declaratory Judgment Act seeking a declaration of their responsibilities pursuant to insurance policies issued to Defendants. (*See* Compl. ¶ 7). All parties to the underlying policies are parties to the present action, and the Court finds that complete relief can be accorded by declaring their rights and responsibilities with respect to each other.

Edouard next argues that there are third parties whose rights will be impaired without joinder because there are absent insurers with "contractual rights to participate in coverage determinations; potential defense obligations; indemnity responsibilities; subrogation interests; and regulatory compliance obligations." (Mot. Mandatory Joinder 2:20–21). Again, it is impossible for the Court to make this determination without any identification of the described parties or any details of their relationships to the parties in the instant case. The Court accordingly finds that Edouard's conclusory allegation as to impairment of third-party interests is insufficient to meet his burden of persuasion that joinder is necessary.

Finally, Edouard claims that proceeding without joinder will create a substantial risk of inconsistent obligations to the unnamed insurers. (*See id.* 2:24–28). In support, Edouard cites to the Nevada "horizontal duty-to-defend doctrine," under which he claims that a finding that one insurer owes a duty of defense automatically triggers a defense obligation across "all potentially responsive parties." (*Id.* 2:24–25). Edouard fails to cite any authority in support of this proposition. Plaintiff is likely confusing this doctrine with the "horizontal exhaustion rule" that California applies in distributing duties between multiple insurers, but Nevada has not adopted a similar rule. *See Vigilant Ins. Co. v. Lincoln Gen. Ins. Co.*, 362 F. App'x 841, 843 (9th Cir. 2010) (mem.).[2] The Court accordingly finds that Edouard has failed to meet his

[2] Even if Nevada did apply the horizontal exhaustion rule, the rule does not necessarily impose a duty to defend on all possible insurers. *See Vigilant Ins. Co.*, 362 F. App'x at 843 (explaining that the rule does not apply where the language of the policies "provides specific guidance on payment priority"); *see also Great Am. Ins. Co. v.*

burden of persuasion as to the risk of inconsistent third-party obligations.

Thus, the Court finds that Edouard has failed to meet his burden as to each of his arguments for mandatory joinder and hereby DENIES his motion.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Nathan Edouard's Motion for Mandatory Joinder of Necessary and Indispensable Parties, (ECF No. 33), is **DENIED**.

**DATED** this 30 day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

*Sequoia Ins. Co.*, No. CV 16-9456-GW(SSx), 2017 WL 5643547, at *9 (C.D. Cal. Aug. 21, 2017) ("[T]he existence of a duty to defend depends on the level of coverage each policy provides.").